140 October 8, 2025 No. 882

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ERNEST HAROLD BAKER III,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Jackson County Circuit Court
21CV29178; A182615

Charles G. Kochlacs, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Petitioner appeals the dismissal of his petition for post-conviction DNA testing. He assigns error to the trial court's rulings denying his motion for DNA testing to be performed on two pieces of evidence: a sword and its sheath. Below, petitioner argued that he had satisfied all of the statutory criteria that would require the court to grant the petition, or alternatively that the court had discretion to grant the petition. On appeal, he argues that the trial court applied an incorrect analysis in deciding one of the statutory criteria and that the case should be remanded for the trial court to apply the correct analysis. The state argues that petitioner did not present sufficient evidence to satisfy the statutory criteria, regardless of whether the trial court applied an incorrect standard. We agree with the state and affirm.

Petitioner pleaded no contest and was convicted of murder in 2005. Petitioner filed a motion under ORS 138.692 for DNA testing on evidence from that underlying criminal case. Subsection (6) of that statute specifies what a petitioner must prove for the trial court to be required to grant the motion:

"(6)   The court shall order the DNA testing requested in a motion under subsection (1) of this section if the court finds that:

"(a)   Unless the parties stipulate otherwise, the evidence to be tested has been subject to a chain of custody sufficient to establish that the evidence has not been altered in any material aspect;

"(b)   The motion is made for the purpose of demonstrating the innocence of the person of the offense and not to delay the execution of the sentence or administration of justice;

"(c)(A)   The identity of the individual who committed the crime or conduct was at issue in the underlying prosecution; or

"(B)   If the person alleges that no crime occurred, the testing could not have been obtained during the criminal proceedings with the exercise of reasonable diligence; and

"(d)　In light of all the evidence, there is a reasonable probability that, had exculpatory results been available at the time of the underlying prosecution, the person would not have been prosecuted or convicted of the offense."

Subsection (7) of the statute is identical to subsection (6) except that it begins with "The court *may* order DNA testing" and paragraph (d) sets a different standard, providing that, "[i]n light of all the evidence, there is a reasonable probability that, had exculpatory results been available at the time of the underlying prosecution, *there would have been a more favorable outcome to the underlying prosecution.*" (Emphases added.) Thus, if the trial court determines that a petitioner has proved the criteria in ORS 138.692(6), it must order the requested DNA testing, and if it determines that the petitioner has proved only the criteria in ORS 138.692(7), it has discretion to order the DNA testing. We review for errors of law. *State v. Diaz-Avalos*, 294 Or App 37, 45, 428 P3d 932 (2018), *rev den*, 365 Or 502 (2019).

Here, the trial court denied the motion with an explanation that suggested that it may have applied the wrong standard for evaluating the final criterion of each section. But below, the state advanced several grounds for denial of the motion, and on appeal, it asserts that petitioner failed to establish at least one of the criteria as a matter of law. *See Sherertz v. Brownstein Rask*, 314 Or App 331, 341, 498 P3d 850 (2021), *rev den*, 369 Or 338 (2022) ("When an alternative argument was made in the trial court *** [i]f the argument is properly presented again on appeal and raises [only] a question of law, we may simply resolve it[.]"). Specifically, the state argues that he did not satisfy the final requirement of either subsection (6) or (7), that there was a reasonable probability that he would not have been prosecuted or convicted, or that he would have had a more favorable outcome, had exculpatory DNA results been available at the time of his prosecution.

We agree that petitioner did not, as a matter of law, show that exculpatory DNA evidence would have had a reasonable probability of affecting the outcome of his underlying case in the ways specified in ORS 138.692(6)(d) and (7)(d). Petitioner asserted that if the DNA of a specific

person—D (the primary witness implicating petitioner) or that of an unknown third party were present on the sword or the sheath, that evidence would tend to undermine D's testimony, which had a reasonable probability of affecting the outcome. But D had recently lived with petitioner, and petitioner was also living with another person. Petitioner has not shown that there would be any reason to think that DNA found on the items to be tested would have had to be deposited by the person who committed the murder.[1] Petitioner argues that finding D's DNA in particular would undermine her account of what happened and suggest that she was the perpetrator because by her account, only she, petitioner, and the victim were present at the crime scene, but that ignores both the above logical limit on what the presence of that DNA could prove and other evidence that corroborated D's account. That evidence included a disinterested witness who corroborated part of D's account, forensic interpretation of the evidence, and petitioner's statement to police hours after the murder that he "took somebody's life."

In light of all the evidence, petitioner did not produce sufficient evidence to show that there was a reasonable probability that the underlying prosecution would have been affected in the ways specified in ORS 138.692(6)(d) and (7)(d). Accordingly, the trial court did not err in denying petitioner's motion for DNA testing and dismissing his petition.

Affirmed.

---

[1] The State Police laboratory examined and tested the sword and sheath during the underlying criminal investigation. The sword had traces of blood on it, which matched the victim's DNA. Petitioner's DNA was not detected in the blood traces. The sheath tested negative for the presence of blood and no further testing was conducted. Petitioner has not specified the exact nature of the DNA testing that he seeks, which is required by the statute. ORS 138.692(1)(b). We presume that petitioner intends that the sword and sheath be tested for "touch" DNA.